IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LATASHA CAMPBELL, )
for F.S., a minor child, )
                                        Plaintiff, )
                                        v. )                1:19CV299
ANDREW SAUL, )
Commissioner of Social Security,[1] )
                                       Defendant. )

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant's Motion to Dismiss [Doc. #11]. On March 15, 2019, Plaintiff LaTasha Campbell ("Plaintiff"), proceeding *pro se*, filed a Complaint [Doc. #2] on behalf of a minor child, F.S., seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Act. Defendant moved for dismissal of the Complaint in light of Plaintiff's failure to timely commence this action. The Court entered a Notice on February 14, 2020, informing Plaintiff of its intent to covert the Motion to Dismiss into a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 and consider Defendants' attachments to the Motion to Dismiss. Plaintiff failed to respond, and Defendant's Motion is therefore treated as unopposed.

---

[1] Andrew Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Nancy A. Berryhill as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.     PROCEDURAL HISTORY

In a decision dated August 13, 2009, the Social Security Administration found F.S. disabled as of May 4, 2009. (Def.'s Mot. Ex. 2 [Doc. #11-2] at 13.) However, on July 5, 2016, it was determined that F.S., then ten years old, was no longer disabled. (Id.) This determination was upheld following hearings before both a State Agency Disability Hearing Officer at the reconsideration level and an Administrative Law Judge. (Id.) Plaintiff requested review of the latter decision by the Appeals Council, and on January 7, 2019, the Appeals Council denied Plaintiff's request, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review. (Id. at 5-9.)

The Appeals Council's denial notice, mailed to Plaintiff's home address, informed her of her right to commence a civil action within 60 days from the date of receipt of the notice. (Id. at 5-7.) Under the Social Security regulations, the 60-day limitations period begins to run on receipt of the notice, rather than upon its mailing. See 20 C.F.R. § 422.210(c). The notice mailed to Plaintiff by the Appeals Council specifically provided that the Commissioner "assume[s] you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (Def.'s Mot. Ex. 2 at 7.) The decision is dated January 7, 2019, and five days for receipt is January 12, 2019, and 60 days thereafter is March 13, 2019. Plaintiff's Complaint is dated March 13, 2019, but the mailing label reflects that she did not mail the Complaint to the Court until March 14, 2019, and it was received and filed the following day, on March 15, 2019.

Defendant seeks dismissal of the Complaint as untimely, arguing that Plaintiff did not file her Complaint with this Court until two days after the time for bringing a civil action

2

expired and that there is no evidence that Plaintiff (1) requested an extension of time to file her Complaint, or (2) has demonstrated "good cause" to equitably toll the 60-day filing requirement. Plaintiff was notified of her right to respond to the Motion to Dismiss, and was specifically cautioned that failing to respond "may cause the court to conclude that the defendant's contentions are undisputed and/or that you no longer wish to pursue the matter." (Letter to Plaintiff [Doc. #12].) However, Plaintiff did not file a Response to the Motion to Dismiss.

The Court then entered its February 14, 2020 Order, noting its intent to consider the attachments to the Motion to Dismiss and convert the Motion into a Motion for Summary Judgment. Plaintiff was again cautioned of the need to respond, was cautioned that under the Local Rules if she failed to respond "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice," and was again cautioned that failing to respond may cause the Court to conclude that the Defendant's contentions are undisputed and/or that Plaintiff no longer wishes to pursue the matter. Plaintiff again failed to file a Response and has not attempted to make any showing as to why the appeal period should be extended.

II. DISCUSSION

Judicial review of final decisions on claims arising under Title XVI of the Social Security Act is provided for and limited by sections 205(g) and (h) of the Act, as amended (42 U.S.C. § 405(g) and (h)). See also 42 U.S.C. § 1383(c)(3). Section 405(g) provides, in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain

3

a review of such decision by a civil action <u>commenced within sixty days after the mailing to [her] of notice of such decision</u> or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added). The sixty-day requirement is "not jurisdictional, but rather constitutes a period of limitations" which is subject to equitable tolling. <u>Bowen v. City of New York</u>, 476 U.S. 467, 478–80 (1986). However, the Fourth Circuit has cautioned that tolling "will rarely be appropriate." <u>Hyatt v. Heckler</u>, 807 F.2d 376, 378 (4th Cir.1986); <u>see also</u> <u>Stromdahl v. Berryhill</u>, No. 5:18-CV-69-FL, 2018 WL 4137075 at *4 (E.D.N.C. Aug. 9, 2018) ("[I]t is not the court's role simply to determine, as the Commissioner may, that 'good cause' exists to toll the 60–day limit. Rather, the court's equitable discretion to overlook plaintiff's untimely filing should be exercised only when the equities tip significantly in favor of tolling" (internal quotation omitted)).

In the present case, the Appeals Council's denial notice is dated January 7, 2019, with a presumptive five days for receipt. Plaintiff has not made any showing or even contention that she did not receive the notice by January 12, 2019. Sixty days later is March 13, 2019. Plaintiff's Complaint is dated that day, March 13, 2019. (Compl. [Doc. #2] at 4.) However, the mailing label reflects that she did not mail it to the Court until March 14, 2019, after her 60 days had expired. (<u>See</u> Compl. Ex. 1.) It was received and filed the following day, on March 15, 2019, two days after the sixty-day time period for bringing a civil action expired.

There is no evidence that Plaintiff ever requested an extension of time to file her Complaint. Moreover, Plaintiff has not responded to Defendant's Motion in any way. In light of the analysis set out above, the Court concludes that Plaintiff's Complaint was not timely

4

filed, and the Court has no basis on which to extend or toll the 60-day period in this case given Plaintiff's failure to respond and failure to provide any reason for extending the deadline.

In addition, the Court notes that, as set out in Local Rule 7.3(k), "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Indeed, as noted above, Plaintiff was specifically warned that failing to respond "may cause the court to conclude that the defendant's contentions are undisputed and/or that you no longer wish to pursue the matter. Therefore, unless you file a response in opposition to the defendant's motion, it is likely your case will be dismissed." Thus, given Plaintiff's failure to respond, Defendant's Motion is treated as uncontested, Defendant's contentions are taken as unopposed, and it appears that Plaintiff no longer wishes to pursue this case.

IT IS THEREFORE RECOMMENDED that the Defendant's Motion [Doc. #11] be GRANTED, and that this action be DISMISSED.

This 22nd day of June, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
